IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES TROVATO,

        Petitioner,

v.                                                                         CIVIL ACTION NO. 3:06cv23
                                                                                      (Judge Bailey)

DOMINIC A. GUTIERREZ,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 1, 2006, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, requesting that the court change the date on which he is scheduled to be transferred from FCI Morgantown to a Community Corrections Center ("CCC") from June 9, 2006 to May 9, 2006. On March 9, 2006, the petitioner filed the $5.00 filing fee. By Order entered on March 26, 2006, the court directed the respondent to answer the petition. On May 25, 2006, the respondent filed a Response to the Show Cause Order.

### II. FACTS

At the time this action was filed, the petitioner had been incarcerated at FCI Morgantown since February 2, 2005. (Dckt. 10-3, p. 1). He was serving a thirty (30) month sentence followed by a three year term of supervised release for Conspiracy to Violate the Controlled Substances Act in violation of 21 U.S.C. § 846. (Dckt. 10-3, p. 3) Petitioner's projected release date via good conduct time was April 27, 2007, and his full term release date was July 30, 2007. (Dckt. 1-3, p. 5).

On July 20, 2005, petitioner was sanctioned for violating Discipline Code 250, Engaging in Sexual Acts. (Dckt. 10-6, p. 1). On, or about February 28, 2006, petitioner's unit team informed him that they were recommending a CCC placement beginning June 7, 2006. (Id).

On February 17, 2006, petitioner filed a Request for Administrative Remedy, I.D. number

1

403981-F1, asking that his CCC placement be changed to May 9, 2006. (Dckt. 10-4, p. 1). The Warden denied the petitioner's request, explaining that petitioner's recommended CCC placement date took into account institutional adjustment concerns and was not additional sanction for his June 24, 2005 incident report. (Id.). On March 6, 2006, petitioner filed a Regional Administrative Remedy Appeal, I.D. number 403981-R1, as a senstive remedy. This submission was rejected on February 22, 2006, as not sensitive and because he did not submit the Warden's response or his BP-9 institutional filing. (Dckt. 10-2, p. 2). On March 6, 2006, petitioner submitted his Regional Appeal which was denied on March 22, 2006. (Dckt. 10-5, p. 2). The petitioner then filed his Central Office Appeal on April 11, 2006. (Dckt. 10-2, p. 3). The response from the Central Office was due on June 10, 2006, after the petitioner initiated the instant matter. (Id.).

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenged the BOP's determination that he was not eligible for placement in a CCC until June 9, 2006, The petitioner alleges that this determination was based upon a new prison policy that requires inmates who have received an incident report within twelve months of the release date to serve an additional thirty days in prison in lieu of thirty days in a halfway house. The petitioner argues that because this policy was not in effect when he received his incident report, applying the policy to him violates the Ex Post Facto Clause and Ex Post Facto Law.

As previously noted, the petitioner's projected release date via good conduct time was April 27, 2007, and his full term release date was July 20, 2007. Accordingly, the undersigned has consulted the Bureau of Prisons inmate locator and has discovered that the petitioner was released from the custody

of the Bureau of Prisons on December 1, 2006.[1]  Inasmuch as the petitioner's request for relief was an order directing his placement in a halfway house on May 9, 2006, as originally scheduled, and the petitioner is no longer even in the custody of the Bureau of Prisons, this case is now moot.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and to counsel of record.

DATED: June 15, 2007

    /s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE

---

[1] See www.bop.gov